**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:24-cr-18 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| JOSEPH POSTELL, JR. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| | ) | |

---

**MEMORANDUM AND ORDER**

---

Before the Court is Defendant Joseph Postell, Jr.'s pro se motion withdraw his guilty plea. (Doc. 129.) For the following reasons, the Court will **DENY** Defendant's motion.

## I. BACKGROUND

On January 31, 2024, the Government filed a criminal complaint against Defendant, alleging he violated 21 U.S.C. §§ 841(a)(1), (b)(1 )(A), "[p]ossession with the intent to distribute at least 50 grams of methamphetamine, a Schedule II controlled substance." (Doc. 1.) On February 27, 2024, a grand jury returned a two-count indictment charging Defendant with possession of a Schedule II substance (methamphetamine) with intent to distribute and an enhancement penalty for a previous violent felony charge. (Docs. 3, 4.) On March 19, 2024, Defendant was arraigned and pleaded not guilty to each count of the indictment. (Doc. 11.)

On June 27, 2025, the Court found that "Defendant is not currently suffering from a severe mental disease or defect that renders him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." (Doc. 64.) The parties filed a plea agreement on October 6, 2025 (Doc. 70), and, on October 7, 2025, Defendant filed a notice of the signed plea agreement. (Doc. 72.) On

November 21, 2025, the undersigned conducted a change-of-plea hearing, at which time Defendant entered, and the Court accepted, a guilty plea to a lesser-included offense related to Count 1. (Doc. 78.)

Shortly after entering his guilty plea, Defendant filed a series of pro se motions to withdraw it. (Docs. 81, 87, 88, 89.) In those motions, Defendant offered the following justifications: (1) had his lawyer told him about "Supreme Court Rule 46," he would not have entered the plea (Doc. 81); (2) he "feel[s] that counsel was deceitful with him an[d] threaten[ed] him that if [he] didn't take the plea" he was "looking at a lot of time" (Doc. 87); and (3) he "accepted the indictment which is a negotiable instrument under UCC 3-504(1)," along with various other arguments stemming from the Uniform Commercial Code ("UCC"). (Doc. 88.) On January 27, 2026, the Court denied all four motions to withdraw, on grounds that "a defendant who is represented by an attorney may not file motions or otherwise act on their own behalf without prior leave of court." (Doc. 91 (citing L.R. 83.4(c)).)

On May 11, 2026, Defendant's attorney filed a motion to withdraw his representation and to permit Defendant to proceed pro se. (Doc. 110.) On June 2, 2026, the Court conducted a hearing on that motion. (Doc. 112.) On September 1, 2026, the Court held another hearing on the matter and granted Defendant permission to proceed pro se with elbow counsel. (Doc. 126.) At the hearing, the Court conducted an extended discussion with Defendant about his wish to proceed pro se, which is typically known as a "*Faretta* colloquy," and found Defendant competent to represent himself. (*Id.*); *see Faretta v. California*, 422 U.S. 806 (1975). On September 16, 2026, Defendant filed a new motion to withdraw his guilty plea, which is now before the Court.

## II. STANDARD OF LAW

The "withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court." *United States v. Kirkland*, 578 F.2d 170, 172 (6th Cir. 1978). Withdrawal of a guilty plea after it has been accepted by the Court is governed by Federal Rule of Criminal Procedure 11(d)(2). Specifically, "[a] defendant may withdraw a plea of guilty" if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d).

The burden of establishing a fair and just reason for withdrawing a guilty plea rests with the defendant. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) ("A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea."). "This rule is designed 'to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.'" *Ellis,* 470 F.3d at 280–81 (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). Rather, "[w]ithdrawal of a plea is appropriate where there is a real confusion or misunderstanding of the terms of the agreement." *Id.* at 281. "[W]ithdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice." *Id.* (quoting *United States v. Horne*, 987 F.2d 833, 837 (D.C. Cir. 1993)). A "defendant is not entitled to an evidentiary hearing or the withdrawal of [their] plea as a matter of right." *United States v. Woods*, 554 F.3d 611, 613 (6th Cir. 2009).

## III. ANALYSIS

In resolving a motion to withdraw a guilty plea, the Court considers the following factors to determine whether Defendant has met his burden of demonstrating that there is a fair and just reason for withdrawal, including:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
>
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
>
> (3) whether the defendant has asserted or maintained his innocence;
>
> (4) the circumstances underlying the entry of the guilty plea;
>
> (5) the defendant's nature and background;
>
> (6) the degree to which the defendant has had prior experience with the criminal justice system; and
>
> (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994). These factors are "a general, non-exclusive list, and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

### *1. Time elapsed between plea and motion to withdraw*

"The shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (quoting *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)). There is no precise cut-off point beyond which delay is unreasonable but decisions affirming delays as short as one or two months have been issued with relative frequency. *See, e.g.*, *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (75 days); *United States v. Durham*, 178 F.3d 796, 799

(6th Cir. 1999) (77 days); *Baez*, 87 F.3d at 808 (67 days); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (35 days).

Defendant entered his guilty plea on November 21, 2025 (Doc. 78), and he filed his first motion to withdraw three days later, on November 24, 2025.[1] (Doc. 81.) He subsequently filed three more, all of which were submitted pro se, and thus procedurally denied on grounds that Defendant was represented by counsel. (Docs. 87, 88, 89, 91.)

Once Defendant was permitted to proceed pro se on September 1, 2026, he filed a new motion to withdraw on September 16, 2026. (Docs. 126, 129.) While the gap between Defendant entering the guilty plea and the current motion is 299 days, the Court will consider Defendant's earlier motions as evidence of intent to withdraw at that time. *See United States v. McCoy*, 155 F. App'x 199, 203 (6th Cir. 2005) (explaining that the district court should have acknowledged Defendant's earlier notifications of intent to withdraw his guilty plea when raised as part of his request that counsel withdraw representation). Similarly, Defendant promptly filed a new motion after the hearing removing his counsel. The envelope containing Defendant's motion is postmarked on September 9, 2026, which is only eight days after the hearing approving pro se status and granting him filing rights. (Doc. 129, at 9.) As a result, given Defendant's consistent efforts to withdraw his guilty plea, this factor weighs in favor of permitting him to withdraw his guilty plea.

#### 2. *The presence (or absence) of a valid reason for failure to move to withdraw earlier*

In his motions to withdraw, Defendant claims the following justifications for withdrawing his plea: (1) "if [his] lawyer would have told [him]" about Supreme Court Rule 46,

[1] The document is signed as of November 24, 2025, the envelope was postmarked on November 25, 2025, and the document was filed on the docket on December 1, 2025. (Doc. 81, at 1–2.)

he would not have entered the plea (Doc. 81); (2) he "feel[s] that counsel was deceitful with him an[d] threaten[ed] him that if [he] didn't take the plea" he was "looking at a lot of time" (Doc. 87); (3) he "accepted the indictment which is a[ ] negotiable instrument under UCC 3-504(1)" and other UCC-based arguments (Doc. 88; *see also* Docs. 90, 94, 96, 101, 129 (asserting, pro se, various sovereign-citizen-based arguments)); and (4) that "his lawyer was ineffective." (Doc. 87, at 1.)

Defendant does not provide any details or facts to support his allegations regarding ineffective assistance of counsel. Given the context, timing, and statements made during a case-management conference and prior filings, it appears that Defendant's assertion of ineffective assistance of counsel stems from his attorney's refusal to file motions premised on "sovereign-citizen" ideology. (*See, e.g.*, Doc. 69 ¶¶ 4–5("Defendant advised he wants undersigned counsel to file and argue motions related to the Uniform Commercial Code and Defendant's diplomatic immunity. Undersigned counsel talked with the Defendant about such motions and the limited likelihood for success.").)

Defendant also provides no factual basis for his counsel's alleged deceit or threats. Being wholly unsubstantiated, such threadbare allegations do not qualify as a fair or just reason to withdraw his plea, particularly when all other evidence points toward Defendant entering the plea knowingly and voluntarily. *See infra* § III(4). Additionally, the Court finds no deceit in counsel's representations to Defendant that he faced a substantial sentence if convicted. Under the indictment as charged, the United States probation office calculated Defendant's guideline range as 360 months to 480 months imprisonment. (Doc. 115 ¶ 96.) Based on these calculations, an attorney earnestly encouraging a client to take a plea agreement for 100-months is a far cry from ineffective assistance or misconduct.

Lastly, Plaintiff's UCC or commercial paper-based arguments are wholly meritless, as courts in this circuit have "repeatedly rejected, as frivolous, arguments based on the theory of sovereign citizenship" recognizing that such arguments are "a waste of court resources." *Powell v. Michigan*, No. 22-10816, 2023 WL 2154954, at *2 (E.D. Mich. Jan. 24, 2023) (internal quotation marks omitted). Other circuits have found the same. *See, e.g.*, *Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (per curiam) (finding plaintiff's sovereign citizen arguments frivolous and "clearly baseless"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected [] theories of individual sovereignty, immunity from prosecution, and their ilk.").

Consequently, Defendant offers no valid reason for his failure to raise his grounds for withdrawal before entering the plea.

***3. Whether Defendant has asserted or maintained his innocence***

"[V]igorous and repeated protestations of innocence" may support a decision to allow withdrawal of a guilty plea. *Baez*, 87 F.3d at 809. But claims of innocence are not as convincing when the defendant has vacillated over time. *See United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007).

Defendant has not clearly or credibly asserted his factual innocence. His motions to withdraw rest on sovereign-citizen-like legal theories rather than any claim that he did not possess the methamphetamine found in the vehicle he was driving. None of Defendant's five motions for withdrawal asserts any claim of innocence.

Moreover, during his plea colloquy, Defendant answered in the affirmative to a series of questions regarding whether he was guilty or innocent, including whether the factual basis in the plea agreement was accurate. (Doc. 79.) For instance, the Court explained fully the rights Defendant would give up by pleading guilty and discussed fully whether Defendant had ample


Case 1:24-cr-00018-TRM-MJD Document 131 Filed 10/30/26 Page 7 of 10
PageID #: 689

time and opportunity to review the plea agreement and discuss it with his attorney. (*Id.* at 115–17.) While Defendant was not always clear in his responses to the Court, he acknowledged that he understood the possible consequences of his plea, including the agreed-upon sentence under the 11(c)(1)(C) plea agreement and the consequences of his revocation of supervised release. After being advised of the implications, he replied in the affirmative when asked if he still wanted to plead guilty. (*Id.*)

During the plea colloquy, Defendant was also asked about the factual basis contained in the plea agreement. (*Id.* at 123–24.) He responded affirmatively to reviewing the factual basis, agreeing with the factual basis, and to pleading guilty because he is, "in fact," guilty. (*Id.* at 125.) Further, he answered affirmatively when asked whether he agreed with the government's summary of his actions. (*Id.* at 124.)

Accordingly, Defendant has not exhibited the requisite "'vigorous and repeated protestations of innocence' that would support a motion to withdraw a guilty plea." *Dixon*, 479 F.3d at 437 (quoting *Baez*, 87 F.3d at 809).

***4. The circumstances underlying the entry of the guilty plea***

This factor weighs against the Defendant. Defendant sought nine continuances of the trial date. Additionally, the change-of-plea hearing was conducted by this Court following a thorough Rule 11 colloquy. (Doc. 78.) Defendant declined to proceed before Magistrate Judge Dumitru and instead entered his plea before the undersigned, suggesting deliberateness rather than confusion or haste.

When asked whether he understood that once he entered into the plea agreement and that plea agreement was accepted by the district judge, he would then have no right to withdraw his guilty plea, Defendant answered, "Yes." (Doc. 79, at 123.) When asked whether anyone attempted to force him to plead guilty in any way, Defendant responded unequivocally "No."


Case 1:24-cr-00018-TRM-MJD Document 131 Filed 10/30/26 Page 8 of 10
PageID #: 690

(*Id.* at 118.) And, when asked whether he was pleading guilty of his own free will, he responded, "Yes." (*Id.* at 118–19.)

The record establishes that Defendant had a "rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). This finding is not undercut by Defendant espousing beliefs in line with sovereign-citizen ideology. "[M]erely believing in fringe views does not mean someone cannot cooperate with his lawyer or understand the judicial proceedings around him." *United States v. Gooch*, 595 F. App'x 524, 527 (6th Cir. 2014) (citing *United States v. James,* 328 F.3d 953, 955 (7th Cir. 2003)).

#### 5. *Defendant's nature and background and his prior experience with the criminal justice system*

These factors weigh against Defendant and indicate that he made an informed choice to enter a guilty plea. A competency evaluation found that Defendant meets the criteria for antisocial personality disorder, but that he nonetheless is competent. (Doc. 64.)

The presentence investigation report details Defendant's extensive criminal history. (Doc. 115, at 8–26.) Defendant has incurred numerous convictions and arrests and has pleaded guilty to several State charges. (*Id.*) Defendant's extensive pro se filings throughout this case demonstrate a degree of engagement with the proceedings that belie any claim he did not understand what he was doing when he entered the plea. This is bolstered by the fact Defendant has engaged in plea negotiations and taken plea deals before. All indications were that the defendant understood what he was doing and knowingly and voluntarily entered his plea.

#### 6. *Potential prejudice to government if motion is granted*

This factor need only be considered if Defendant demonstrates a fair and just reason to allow withdrawal. *See United States v. Catchings*, 708 F.3d 710, 719 (6th Cir. 2013); *Spencer*,

836 F.2d at 240. Regardless, if permitted to withdraw his plea, the Government would face, at minimum, the burden of preparing for trial on a case that has been pending since early 2024 and in which a plea agreement was reached after extensive negotiation.

## IV. CONCLUSION

Consideration of the foregoing factors demonstrates that Defendant has not met his burden of establishing a fair and just reason for withdrawal of his guilty. Accordingly, for the reasons stated herein, Defendant's motion to withdraw his guilty plea (Doc. 129) is **DENIED**.

**SO ORDERED.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**